UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VOLKSWAGEN OF AMERICA, INC.,
a New Jersey corporation,

      Plaintiff,                                        Case No. 05-60146

v.

                                                   Hon. John Corbett O'Meara

THE AMERICAN AUTOMOBILE ASSOCIATION
(INCORPORATED), a non-stock Connecticut corporation,

      Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

      Before the court is Defendant's Motion to Dismiss and/or for Summary Judgment, filed August 31, 2005. This matter has been fully briefed and the court heard oral argument on November 16, 2005. For the reasons set forth below, Defendant's motion is granted in part and denied in part.

**BACKGROUND FACTS**

      This is a contract dispute between Plaintiff, Volkswagen of America, Inc. ("VW") and Defendant, The American Automobile Association ("AAA"). In 1998, AAA contracted with VW to provide emergency roadside assistance to VW's customers. See Pl.'s Ex. A. For each covered vehicle, VW prepaid a fixed fee to AAA. For example, according to Schedule D of the parties' contract, VW paid $37.83 (or $1.05 per month) for each new Audi for 36 months of coverage. Pl.'s Ex. A at 22. The contract provided that, in the event of its termination, that "AAA shall refund to VW a pro rata amount of the fees paid to AAA pursuant to this

Agreement. . . ." Pl.'s Ex. A at 14, § 11H.  Specifically, the contract stated that the "reimbursement of fees shall be calculated at the following rate: $.92 per month for each VW; $1.05 per month for each Audi; and $1.32 per month for each Audi A8." Id.  In other words, AAA was to reimburse VW the same monthly amount, on a pro rata basis, that VW had paid.

The parties amended their agreement on June 29, 2001, to extend the term of the contract and to increase the fees paid by VW to AAA.  Pl.'s Ex. C.  For example, the fixed fee for 36 months of coverage for a new Audi increased to $41.03 (or $1.14 per month) from $37.83 (or $1.05 per month).  Id.

The agreement ended by its terms on July 1, 2004.  AAA calculated that it owed VW $33,528,192 in pro rata fees at the end of the contract term, less $5,376,671.28 in various "adjustments," including "start-up fees," and phone call costs.  VW contends that AAA failed to pay the proper amount required under the agreement and that AAA breached the contract in the following ways: (1) reimbursing VW, on a pro rata basis, using the 1998 fee rates, even though VW had paid the higher 2001 fee rates (for example, reimbursing VW at $1.05 per month even though VW had paid $1.14 per month for the service); (2) deducting "start-up" costs without proper documentation; and (3) deducting phone charges without proper documentation.  According to VW, AAA owes it at least $3 million under the contract, although VW asserts that it is difficult to determine the exact amount because AAA has allegedly failed to provide proper documentation of the "adjustments" it applied.

VW filed this action on June 23, 2005, alleging three counts: breach of contract, unjust enrichment, and accounting.  AAA filed a motion to dismiss or for summary judgment, requesting dismissal of all counts, on August 31, 2005.  VW submitted a response on October

12, 2005, and AAA filed a reply brief on November 14, 2005.

## LAW AND ANALYSIS

### I.     Standard of Review

A Rule 56 motion may be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In analyzing such a motion, the court views the evidence and draws all reasonable inferences in favor of Plaintiff, the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief may be granted. In analyzing a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtably can prove no set of facts in support of his claims that would entitle him to relief." In re DeLorean Motor Co., 991 F.2d 1236, 1239-40 (6th Cir. 1993) (citation omitted).

### II.    Breach of Contract Claim

AAA contends that it is entitled to summary judgment on VW's contract claim because the plain language of the contract supports the amount it paid VW. AAA relies upon the following language: "AAA shall refund to VW a pro rata amount of the fees paid to AAA pursuant to this Agreement. . . . The reimbursement of fees shall be calculated at the following rate: $.92 per month for each VW; $1.05 per month for each Audi; and $1.32 per month for each Audi A8." Pl.'s Ex. A at § 11H. AAA asserts that it reimbursed VW according to this language,

which was not amended when the parties increased (and otherwise amended) the fee schedule in 2001.  See Pl.'s Ex. C.

Although AAA relies upon the "plain language" of the contract, that language no longer makes sense in light of the parties' 2001 amendment to the fee schedule.  The original fee schedule (Schedule D) contained three categories of vehicles, as follows:

> $22.03 per new VW for 24 months coverage
>
> $37.83 per new Audi for 36 months coverage
>
> $47.55 per new Audi A8 for 36 months coverage

Pl.'s Ex. A, Schedule D.  The amended fee schedule increased the fees and created additional categories:

> $47.84 per new VW for 48 months coverage (2002 model year forward)
>
> $23.92 per new VW for 24 months coverage (2001 and prior model years)
>
> $54.70 per new Audi for 48 months coverage (2001 model year forward)
>
> $41.03 per new Audi for 36 months coverage (2000 and prior model years)
>
> $68.74 per new Audi A8/S8 for 48 months coverage (2001 model year forward)
>
> $51.44 per new Audi A8/S8 for 36 months coverage (2000 and prior model years)

Pl.'s Ex. C, Amendment No. 2.  Essentially, the per month cost to VW increased from $.92 to $1.00 per VW; $1.05 to $1.14 per Audi; and $1.32 to $1.43 per Audi A8.  However, the parties did not amend the reimbursement rates in § 11H of the agreement, which remained at $.92, $1.05, and $1.32 respectively.  Under the original version of the agreement, VW was to be reimbursed, on a pro rata basis, the exact unused monthly amount it paid to AAA.  Under the

amended agreement, AAA argues, VW agreed to be reimbursed a lesser amount.[1]

The contract provides, however, that "AAA shall refund to VW a pro rata amount of *the fees paid* to AAA pursuant to this Agreement." Pl.'s Ex. A at § 11H (emphasis added).  As of the 2001 amendment, "the fees paid" increased (as set forth in Schedule D), but the reimbursement rates in § 11H did not.  After the 2001 amendment, the first sentence of § 11H – "AAA shall refund . . . the fees paid"– conflicts with the subsequent language stating that the reimbursement of fees shall be calculated at $.92, $1.05, and $1.32 per month, because VW paid $1.00, $1.14, or $1.43 per month, depending on the vehicle.  These conflicting provisions render the agreement ambiguous.  See Klapp v. United Ins. Group Agency, Inc., 468 Mich. 459, 468, 663 N.W.2d 447 (2003) (noting general proposition that a contract is ambiguous when its provisions are capable of conflicting interpretations).  "It is well settled that the meaning of an ambiguous contract is a question of fact that must be decided by the jury." Id. at 470.  Accordingly, summary judgment in favor of AAA on VW's contract claim is not proper.

Further, AAA fails to address the other bases for VW's contract claim: that AAA took adjustments for start-up fees and telephone costs without proper documentation.  Therefore, summary judgment is inappropriate for this reason as well.

### III.    Unjust Enrichment

AAA contends that VW cannot state a claim for unjust enrichment, because there is an express contract between the parties covering the same subject matter.

> To sustain a claim for unjust enrichment, plaintiff needed to show that defendants received a benefit from plaintiff and that an

---

[1] AAA gives no explanation as to why VW would agree to amend the contract so that it would be reimbursed at 1998 rates when it paid under the 2001 fee schedule.

> inequity resulted to plaintiff as a consequence of defendants'
> retention of that benefit.  In such a situation, a contract will be
> implied by law to prevent unjust enrichment.  *But a contract
> cannot be implied when an express contract already addresses the
> pertinent subject matter*.

<u>Liggett Restaurant Group v. City of Pontiac Stadium Bldg. Authority</u>, 260 Mich. App. 127, 137; 676 N.W.2d 633 (2003) (citations omitted, emphasis added).  AAA is correct that VW cannot state a claim for unjust enrichment here, where it is undisputed that the parties entered into an express contract governing the issues in this action.  AAA is entitled to dismissal of this claim.

### IV.     Accounting Claim

AAA also seeks dismissal of VW's accounting claim.  Generally, a common law action for an accounting is an equitable claim that is permitted where the plaintiff does not have an adequate remedy at law and it is difficult to calculate the amount due to the plaintiff.  <u>See Basinger v. Provident Life Ins. Co.</u>, 67 Mich. App. 1, 239 N.W.2d 735 (1976); <u>Burke v. Eddy & Co.</u>, 332 Mich. 300, 303, 51 N.W.2d 238 (1952).  AAA claims that VW has an adequate remedy at law under the parties' contract.

VW contends that "it is AAA that had detailed record keeping and document production obligations under the Agreement.  AAA, however, has held back significant amounts of money from VWoA without the required documentation which could presumably enable VWoA to precisely calculate its damages."  Pl.'s Br. at 23-24.  However, VW can obtain the documentation it seeks through the discovery process. To the extent AAA does not provide the "required documentation," VW can attempt to recover the money it claims that AAA improperly withheld under the contract.  VW does not explain how its contractual remedies are inadequate.  Accordingly, AAA's motion is granted on this claim.

## **ORDER**

IT IS HEREBY ORDERED that Defendant's August 31, 2005 motion for summary judgment is GRANTED IN PART with respect to Counts II and III and DENIED IN PART with respect to Count I.

                                                  s/John Corbett O'Meara
                                                  John Corbett O'Meara
                                                  United States District Judge

Dated: November 28, 2005