UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VOLKSWAGEN OF
AMERICA, INC.,

       Plaintiff,

                             CASE NO. 05-CV-60146-AA
                             JUDGE JOHN CORBETT O'MEARA
                             MAGISTRATE JUDGE PAUL J. KOMIVES

   v.

AMERICAN AUTOMOBILE
ASSOCIATION, INC.,

       Defendant.

                                       /

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (Doc. Ent. 47)

**I.    Background**

On or about July 1, 1998, plaintiff and defendant entered into an agreement "in which [defendant] agreed to provide Emergency Road and/or Towing Services to all VW and Audi brand vehicles which were enrolled in [plaintiff's] Roadside Assistance Program[.]"  Doc. Ent. 1 at 2 ¶ 6, 10-34.  On or about June 29, 2001, representatives of the parties signed "Amendment No. 2," which extended the term of the July 1, 1998 agreement for an additional three (3) years - through July 1, 2004.  Doc. Ent. 1 at 4 ¶ 13, 35-36.

On October 15, 2004, defendant "forwarded to [plaintiff] the amount of $28,181,783.44 which the parties agreed was not in dispute."  Defendant later reimbursed plaintiff $180,645. Doc. Ent. 1 at 5 ¶ 17.  Plaintiff alleges that defendant has reimbursed plaintiff "a total of $28,362,428.63 which is an amount that [plaintiff] has preliminarily calculated to be at least $3,000,000 less than what [defendant] owes [plaintiff] under the Agreement."  Doc. Ent. 1 at 5 ¶

18.

Plaintiff filed its original complaint on June 23, 2005. The complaint contained counts of (I) breach of contract; (II) unjust enrichment and (III) accounting. On November 28, 2005, Judge O'Meara entered an opinion and order granting in part and denying in part defendant's motion for summary judgment. Specifically, his order granted the motion with respect to Counts II and III and denied the motion with respect to Count I. On December 9, 2005, defendant filed an answer and affirmative defenses, as well as a first amended answer, affirmative defenses and jury demand.

On December 23, 2005, AAA filed a third party complaint against Electronic Data Systems, Corp. (EDS) for (I) breach of contract and (II) indemnification. Doc. Ent. 24-2.[1] On April 13, 2006, the parties filed a stipulation to file Exhibit A to the third party complaint under seal. An order placing Exhibit A to the third party complaint under seal was entered the same day. Exhibit A to the third party complaint was filed under seal on April 17, 2006. However, on July 31, 2006, Judge O'Meara entered a stipulated order dismissing the third party complaint without prejudice and without costs.

On November 14, 2006, Judge O'Meara entered a second stipulated order amending the scheduling order and setting the Rule 26 disclosure deadline for December 15, 2006; the witness list deadline for December 15, 2006; the discovery deadline for March 1, 2007 and the dispositive motion deadline for April 2, 2007. Furthermore, the order set the final pretrial order deadline for June 13, 2007; set the final pretrial conference for June 20, 2007 and provided that trial would take place in the trial term beginning July 3, 2007.

**II.    The Instant Motion**

---

[1] Facilitation took place on April 12, 2006. Doc. Ent. 56 at 3.

On February 21, 2007, plaintiff deposed Hugh Wayne Hamilton. Doc. Ent. 47-4. On March 31, 2007, plaintiff filed a motion for leave to file first amended complaint. Doc. Ent. 47-1. The proposed first amended complaint contains two counts: (I) breach of AAA's fiduciary duties and/or legal duties and (II) breach of contract. Doc. Ent. 47-3. Defendant filed a response on April 4, 2007. (Doc. Ent. 53). Plaintiff filed a reply on April 11, 2007. (Doc. Ent. 56).

Judge O'Meara referred this matter to me for hearing and determination. A hearing was scheduled for April 17, 2007. On the date set for hearing, attorney Bruce G. Davis appeared on plaintiff's behalf and attorney Mark A. Hopper appeared on defendant's behalf.

### III. Pending Dispositive Motions

On April 10, 2007, plaintiff filed a motion for summary judgment. (Doc. Ent. 55). Plaintiff argues that (A) defendant breached its fiduciary duties to plaintiff and (B) "[t]he agreement and 2001 amendment can only be reasonably interpreted to require [defendant] to reimburse [plaintiff] the higher vehicle fees [plaintiff] had paid[.]" Doc. Ent. 55 at 16, 25.

Defendant has not yet filed a response to this motion. Judge O'Meara is scheduled to hear plaintiff's dispositive motion on May 17, 2007.

### IV. The Instant Motion is Granted.

Plaintiff seeks "to include allegations of breach of [the implied legal duty of good faith and fair dealing] into the pending contract claim[.]" Plaintiff claims that, based upon recent deposition discovery, it "has a meritorious legal claim that [defendant] breached that duty in connection with its drafting of Amendment No. 2 and its dishonest conduct in obtaining [plaintiff's] signature to that document[.]" Doc. Ent. 47 at 8.

Plaintiff also seeks "to include allegations of breach of [special legal] duties in an

3

additional claim for relief[.]" Plaintiff claims, based upon recent deposition discovery, it "has a meritorious legal claim that [defendant] breached those duties arising as a matter of law out of the agency relationship created by the Agreement." Doc. Ent. 47 at 9. Additionally, plaintiff argues that the proposed amended complaint will not result in undue prejudice to defendant and states that it "was unaware of the deliberately dishonest nature of [defendant]'s conduct until the February 2007 depositions of the key [defense] witnesses." Doc. Ent. 47 at 9-10.

Defendant responds that plaintiff has not satisfied Rule 16(b) or Rule 15(a)'s requirements. Doc. Ent. 53 at 5, 7. In reply, plaintiff contends that "Rule 15, not Rule 16, controls [plaintiff's] [m]otion[,]" "[d]iscovery has just begun and there has been no undue delay[,]" and "[plaintiff]'s proposed agency count states a valid and substantial claim[.]" Doc. Ent. 56 at 2, 4. Within the latter argument, plaintiff specifically states that "because [plaintiff's] proposed amendment has clearly stated a claim for relief under agency principles, it is not futile under Rule 15." Doc. Ent. 56 at 5.

Upon consideration, and as stated from the bench, plaintiff's motion is granted. During oral argument, defense counsel projected that the proposed amendment(s) would not survive a Rule 12(b)(6) motion to dismiss. However, denying plaintiff's motion based upon defense counsel's explanation for his projection would amount to the Court denying plaintiff's motion to amend based on issues more appropriately addressed by a Rule 56 motion for summary judgment. While I believe that defense counsel has set forth a good faith argument, I am not persuaded. Whether evaluated under Rule 16(b)'s "good cause" requirement or the more liberal standard applied under Rule 15(a), plaintiff's motion should be granted.

**V.     Order**

Consistent with the foregoing, plaintiff's motion for leave to file first amended complaint (Doc. Ent. 47) is GRANTED. Plaintiff shall file a copy of its proposed amended complaint forthwith.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten (10) days from the date of service of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: 4/20/07

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on April 20, 2007.
>
> s/Eddrey Butts
> Case Manager